USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/19/07

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES OF AMERICA,

        - against -                     05 Cr. 434 (DAB)
                                        MEMORANDUM & ORDER

NICHOLAS DEFONTE,

                Defendant.
------------------------------------X
```

DEBORAH A. BATTS, United States District Judge.

The Court is in receipt of Defendant's letter dated January 16, 2007, which suggests that the testimony the Government used to impeach Defense Witness Francisco Gonzalez should have been excluded under the Constitution's exclusionary rule. The Court also is in receipt of the Government's response dated January 18, 2007.

Defendant's suggestion that the Fourth Amendment commands the exclusion of the evidence at issue is in error. First, it is well settled that a chief justification for the exclusionary rule is to make "inadmissible at trial any evidence derived from the violation of an individual's right to be free from illegal searches and seizures." United States v. Alvarez-Porras, 643 F.2d 54, 59 (2d Cir. 1981). Mr. Jayco's divulgence of the information at issue did not involve Defendant in any way, and therefore did not jeopardize Defendant's privacy rights or any other privacy rights that the Fourth Amendment is intended to protect.

Second, because the police did not act unlawfully, excluding Mr. Gonzalez' testimony on this issue would not advance the exclusionary rule's purpose of deterring the police from committing unlawful

conduct. See Alvarez-Porras, 643 F.2d at 59; Stone v. Powell, 428 U.S. 465, 486 (1976) ("the primary justification for the exclusionary rule . . . is the deterrence of police conduct that violates Fourth Amendment rights").

In any event, Defendant's letter is untimely. Rule 29 of the Federal Rules of Criminal Procedure provides that any motion for a judgment of acquittal should be filed "within 7 days after a guilty verdict or after the court discharges the jury, whichever is later." Fed. R. Crim. P. 29(c)(1). Rule 33 of the Federal Rules of Criminal Procedure requires any motion for a new trial on grounds other than newly discovered evidence to "be filed within 7 days after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(2). Defendant was found guilty on April 3, 2006, and the jury was discharged on the same day. Defense Counsel has no excuse for the untimeliness of this request, especially because the Government already explained the source of their information at the sidebar on March 27, 2006. (Tr. at 1036-37.)

Accordingly, Defendant's request is DENIED.

SO ORDERED.

Dated:   New York, New York
         January 19, 2007

*[signature: Deborah A. Batts]*
DEBORAH A. BATTS
United States District Judge